Ammar Harris #1116547
High Desert State Prison

United States District Court
District of Nevada

| | |
|---|---|
| Ammar Harris, <br>     Plaintiff, <br> vs. <br> State of Nevada, et al. <br>     Defendants. | 3:21-CV-00380-RCJ-CLB <br><br> Plaintiff's Objection To <br> Magistrate's Order <br> ECF No. 34 |

    Comes Now, Plaintiff hereby Objects to ECF No. 34, this objection is made and based in the interest of justice and all papers, pleadings and documents on file herein.

### I. Statement of Facts

1.) On June 12th, 2022 I filed an Third Amended Complaint after realizing that my Second Amended Complaint was defective. ECF No. 27

2.) On or about July, 2022 I received noticed from the Court informing me there was no leave motion enclosed with the filing. On July 17th, 2022 I filed ECF No. 28, which was entered on July 19th, 2022 at 9:34 am.

3.) On July 26th, 2022, This Court issued its Screening Order ECF No. 29 restricting me from amending the complaint for failure to comply with joiner rules, at the sametime I filed ECF No. 30, 31 under penalty of perjury, before receiving ECF No. 29.

4.) On or about July 31st, 2022, I received ECF No. 29, the same day I filed ECF No. 32, I hereby incorporate ECF No. 32 as if set forth fully herein.

5.) On August 30th, 2022, I received ECF No. 34 in response to ECF No. 33. This Court acknowledges that the complaint as well as Motion for leave was on the docket before it gave its screening order. I have not given consent to Magistrate pursuant to 28 U.S.C. §§ 636(c) and LR IB 2-1 for this Court to be able to deny ECF No. 27, 28 nor declare them as moot.

6.) This Court instructed the Clerk to strike ECF No. 27, 28 from the record. ECF No. 27, 28 can not be striken because its material evidence, in doing so it will deny me due process.

7.) I, clearly offered to the Court evidence that I have suffered a brain injury and in an attempt to deny me the right to bring a non-frivolous legal claim

## II. Points and Authority

1.) Fed.R.Civ.P Rule 15(a)(2) The court should freely give leave when justice so requires. See Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173 (1980)(citations omitted).

2.) Magistrate's ruling on motion for leave to file amended complaint or supplemental complaint is nondispositive ruling subject to review under clearly erroneous or contrary to law standard. See First Sav. Bank, F.S.B. v. United States Bancorp, 144 F.R.D. 363 (D. Kan. 1992)

3.) In provision of Federal Magistrate Act of 1968 (28 USCS § 636(b)) which authorizes Federal District Courts to establish rules by which United States Magistrates, in addition to performing duties specified by other provisions of Act, may be assigned to perform "such additional duties as are not inconsistent with the Constitution and laws of the United States," and which further specifies three examples of additional duties that may be included in District Court rules, specifies examples are not exclusive; magistrate acts under supervision of District Court judge when he accepts referral, and authority for making final decisions remains at all times with judge, who retains ultimate responsibility for decisionmaking in every instance in which magistrate exercises "additional duties" jurisdiction. See Mathews v. Weber, 423 U.S. 261, 96 S.Ct. 549 (1976)

- 2 -

4.) Pursuant to 28 USCS § 636(b)(1)(A), evidentiary rulings are non-dispositive and are subject to clearly erroneous or contrary to law standard of review by district judge if such rulings are objected to by party. See Kesey, LLC v. Francis, 2009 U.S. Dist. LEXIS 29074 (D. Or. Apr. 3, 2009), adopted, 2009 U.S. Dist. LEXIS 38239 (D. Or. May 5, 2009).

5.) Pursuant to Fed. R. Civ. P. 72(a) and 28 USCS § 636(b)(1)(A), in reviewing magistrate's decision, district court applies clearly erroneous standard of review and is limited to non-dispositive matters on appeal. See Whirlpool Corp v. CIT Group/Business Credit, INC., 293 F. Supp. 2d 1144 (D. Haw. 2003).

6.) District court must review magistrate's findings and conclusions to satisfy 28 USCS § 636. See Coolidge v. The Schooner California, 637 F.2d 1321 (9th Cir. 1981), cert. denied, 451 U.S. 1020, 101 S.Ct. 3011 (1981)

7.) District Court is mandated to make de novo review of portions of magistrate's report to which objections are made. See United States v. Remsing, 874 F.2d 614 (9th Cir. 1989), app. after remand, 914 F.2d 264 (9th Cir. 1990).

8.) In addition to determining whether magistrate's findings are clearly erroneous or contrary to law, District Court may satisfy itself that recommended actions are fair and proper by receiving additional evidence or conducting full review.

-4-

See United States v. Franco, 697 F.2d 144 (7th Cir.), cert. denied, 464 U.S. 824, 104 S.Ct. 104 (1983).

### III. Verification

1.) I, Ammar Harris, have read the foregoing and hereby verify that the matters are true and all papers, pleadings and documents on file herein, certify under penalty of perjury pursuant to 28 USC §§ 1746 and 18 USC § 1621.

### IV. Conclusion

Plaintiff respectfully request this Court does not strike ECF No. 27, 28 from the record, and permits the screening and overrule ECF No. 29, as it was no fault of his.

Dated this 30th day of August, 2022.

Respectfully Submitted,
/s/ Mr. Harris

Footnotes:
ECF No. 27, Third Amended Complaint
ECF No. 28, Motion For Leave
ECF No. 29, Screening Order on Second Amended Complaint
ECF No. 30, Preliminary Injunction
ECF No. 31, Temporary Restraining Order
ECF No. 32, Memorandum To The Court
ECF No. 33, Motion For Extension