Ammar Harris #1116547
High Desert State Prison

## United States District Court
## District of Nevada

| | |
|---|---|
| Ammar Harris,<br>   Plaintiff, | 3:21-CV-00380-RCJ-CLB |
| V. | Motion for Reconsideration |
| State of Nevada,<br>   Defendant. | ECF No. 40 |

    Comes Now, Plaintiff moves this Honorable Court on Motion for Reconsideration of ECF No. 40 pursuant to LR II 59-1 and Fed. R. Civ. P. 59, 60. This motion is made and based in the interest of justice and fundamental fairness, all papers, pleadings and documents on file herein.

## I. Points and Authorities

1.) Plaintiff hereby objects to this Courts factual determination as well as conclusion of law which is relied upon in ECF No. 40.

2.) Plaintiff claims were presented as "Defendants actions, detailed herein, deny basic human needs, inflict unnecessary and wanton pain and suffering." See ECF No. 27 at 1-2.

3.) Plaintiff hereby incorporate ECF No. 32, 37 and 39, as fully eradicated herein.

4.) "Basic Human need" "alone or in combination" "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Life's necessities (or Basic Human needs) include "food, clothing, shelter, medical care and reasonable safety". Helling v. McKinney, 509 U.S. 25, 32 (1993) (quoting Destramey v. Winnebago Cty. Dept. of Soc. Servs., 489 U.S. 189, 199-200 (1989)

5.) This Court relied on Improperly Joined Claims in previous screening overlooking "Basic Human needs", although it was screened "based on his transportation between HDSP and ESP on May 19, 2021. (i) an Eighth Amendment claim for deliberate indifference to inmate safety". ECF No. 40 at 6-7, which applies the same law as August 29, 2020.

6.) Defendant Cole, Boyd, Bryan, any Doe Failed to Provide Basic Human Needs and/or neglected their statutory responsibilities resulting to Plaintiff's injury and/or unnecessary and wanton infliction of pain and/or depriving him of liberty without due process of the law and/or equal protection under the law, conduct was deliberate indifference to Plaintiff's health and safety or violated clearly established statutory or constitutional rights of which a reasonable person would have known.

7.) Upon information and belief, Defendant Sisolak, Ford, Cegavske, Daniels, Williams, Minev, Gittere, Reubart, Drummond, Dreesen, Johnson, any Doe has actual and/or constructive Knowledge of all incidents that occured based on dates, logs, reports, memorandums, grievances, communications, authorizations and other gathering methods.

4.) Sisolak, Ford, Cegavske, Daniels, Williams, Minev, Gittere, Reubart, Drummond, Dreesen, Johnson, any Doe had a duty to train and supervise their subordinates to ensure policies, procedures and/or regulations are followed, failed to Provide Basic Human Needs and/or failed to review or investigate if staff error or misconduct was proximate cause, failed to terminate a series of actions that would lead to a constitutional violation, failed to protect Plaintiff from harm despite Knowledge he were in danger because of acts by his subordinates, and did not take any action to negate it, and/or violated the terms or provisions of Agreement and/or failed to enforce Agreement and/or neglected their statutory responsibilities resulting to Plaintiff's injury and/or Unnecessary and wanton infliction of pain and/or depriving him of liberty without due process of the law and/or equal protection Under the law, conduct was deliberate indifferece to Plaintiff's Health and safety or violated clearly established statutory or constitutional rights of which a reasonable person would Have Known.

9.) By any chance this Court does not believe Plaintiff's claim regarding May 19, 2021, he has attached, Exhibit 11 - "51921" in support.

10.) This Court misconstrued claim (ii) as Access to the Court only, "Plaintiff was wheelchaired to Punitive Segregation by C/o Job, the conditions were no hot water, smaller food portions, no heat during the winter, and no[1] access the canteen... received a Notice of Charges for Murder from ... cole regarding August 24th events... Cole filed a fictitious charge causing adverse treatment to Plaintiff, he started feeling Aggravated, Depressed, Anger, Anxiety, Frustration, Hopelessness and Agony from being in Punitive Segregation, he tried to kill himself twice resulting from the ordeal. ECF No. 27 at 15-16.

11.) Defendant Cole Failed to Provide Basic Human Needs and/or neglected his statutory responsibilities resulting to Plaintiff's injury and/or Unnecessary and wanton infliction of pain and/or depriving him of liberty without due process of the law and/or equal protection under the law, conduct was deliberate indifference to Plaintiff's health and safety or violated clearly established statutory or constitutional rights of which a reasonable person would have known.

[1] access to the *

– 4 –

12.) This Court misconstrued claim (iii) "Plaintiff asked.. Hernandez for clarity, Her response "if you keep pushing the issue, something bad may happen to you." Which had a chilling effect on Plaintiff, he perceived that threat to be real. (ECF No. 1)". ECF No. 27 at 18-19.

13.) Plaintiff filed a grievance about the threat pursuant to A.R. 740.01., the law is clearly established. See Bridges v. Gilbert, 557 U.S. 557 F.3d 541 (7th Cir. 2009); Kaba v. Stepp, 458 F.3d 678 (7th Cir. 2006), reh'g denied, reh'g, en banc, denied, 2006 U.S. App. Lexis 26924 (7th Cir. 2006).

14.) This Court misconstrued Plaintiff claim against the State of Nevada as one brought under 1983, ECF No. 40 at 14, regarding access to the courts.

15.) Infact Plaintiff's due process of law under the Fourteenth Amendments regarding his liberty to be secured in his bodily integrity or the right to be free from an abuse of discretion on the part of prison administrators, and protection from unconstitutional admin. actions, protection of a prisoner's life and health from admin actions. See Shannon v. Lester, 519 F.2d 76 (6th cir 1975); Nickolson v. Choctaw County, Alabama, 498 F.Supp. 295 (S.D. Ala. 1980); Clements v. Turner, 364 F.Supp. 270 (D. Utah 1973); Rummels v. Rosendale, 499 F.2d 733 (9th Cir. 1974)

16.) Plaintiff is relying on the following law; See Hudson v. McHugh, 148 F.3d 859, 861 (7th Cir. 1998); Arnett v. Webster, 658 F.3d 742, 754 (7th cir. 2011); Greeno v. Daley, 414 F.3d 645, 653-55 (7th cir. 2005); Allah v. Goord, 405 F.Supp. 2d 265, 275-277 (S.D.N.Y. 2005); United States v. Georgia, 546 U.S. 151, 159 (2006); Hason v. Med. Bd. of Cal., 279 F.3d 1167, 1171 (9th Cir. 2002) (citation omitted).

17.) I, Ammar Harris certify that the foregoing is true and correct under penality of perjury

17.) I, Ammar Harris certify under penalty of perjury that the foregoing is true and correct. 28 USCS § 1746.

## II. Conclusion

Plaintiff hereby Prays this Honorable Court reconsiders its prior screening.

Dated this 22nd day of January, 2023.

Respectfully Submitted,
/s/ Mr. Harris

~ 6 ~

Exhibit U — " 51921 "

Medical Report of Incident

Page (1)

## MEDICAL RE__ __T OF INCIDENT, INJURY OR UN__ __AL OCCURRENCE

**Institution:** SDCU    **Housing Location:** TRANS

1. **Occurrence:** Place: TRANS BUS    Date: 5/19/21    Time: 08:55

2. **Medical Notified:** Date: 5/19/21    Time: 09:00

3. **Medical Arrived:** Date: 5/19/21    Time: 09:03

4. **Check boxes that apply:** ☐ Mandown  ☐ Non-Man Down  ☐ Altercation  ☐ Recreational  ☐ Self-Inflicted

5. **AB389 occurrence** ☐ Yes  ☒ No    ☐ Release of Liability - if needed  ACCIDENTAL

6. **Evaluation/Assessment Completed** Date: 5/19/21  Time: 09:10

7a. **Subjective:** Brief description of the injury or unusual occurrence. (Include patient's own words, if possible):

INMATE WITH H/O STROKE AND (R) SIDED WEAKNESS FELL OFF THE CHAIR INSIDE TRANS BUS.

7b. Names of witnesses, summaries of their stories, insofar as available to medical officer attending case. and description of points of difference between their version and that of #7a above.

NONE

8. **Objective:** (Description and extent of injury)

T.P.R., BP 97⁸  84  18  154/100  97%    Last Tetanus: _____

Allergies: _____

ADX3 NOT IN DISTRESS  SUPERFICIAL PUNCTURED WOUND (R) LOWER LIP NOTED. NO OTHER INJURIES SEEN INMATE VERBALIZED " IM FINE".

9. **Assessment:**

IMPAIRED SKIN INTEGRITY, SUPERFICIAL PUNCTURED (R) LOWER LIP.

10. **Plan:** (Include treatment regimen, follow-up visits, disposition).

NO TREATMENT GIVEN. INSTRUCTED TO F/U WITH MEDICAL DUE TO EVALUATED BP

**PROVIDER SIGNATURE:** __Isda__    **TITLE:** ONII    **DATE:** 5/19/2f

NEVADA DEPARTMENT OF CORRECTIONS
## UNUSUAL OCCURRENCE
## REPORT

**NAME:** HARRIS, AMMAR
Last    First    MI

**ID#** 116547    **UNIT#** TRANS

Reference Medical Directive #412    DOC 2514 (02/21)