UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMMAR HARRIS,<br><br>                    Plaintiff,<br><br>        v.<br><br>ELY STATE PRISON STAFF, *et al.*,<br><br>                    Defendants. | Case No. 3:21-CV-00380-RCJ-CLB<br><br>**ORDER GRANTING IN PART MOTION TO LOCATE DEFENDANT**<br><br>[ECF No. 82] |

The Court previously granted Plaintiff Ammar Harris's motion to serve defendant Dana Cole and ordered the U.S. Marshal to serve the defendant. (ECF Nos. 78, 79.) A summons was issued but was ultimately returned as unexecuted. (ECF Nos. 80, 81.) Based on the summons being returned unexecuted, Plaintiff has filed a second motion to serve defendant Dana Cole. (ECF No. 82.) Plaintiff requests that the U.S. Marshal locate Dana Cole, or alternatively, Plaintiff requests that counsel be appointed to help effectuate service.[1] (*Id.* at 2.)

In cases involving incarcerated *pro se* plaintiffs proceeding *in forma pauperis*, the U.S. Marshal, upon order of the Court, is authorized to <u>serve</u> the summons and the complaint. *See Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990); 28 U.S.C. § 1915(c); Local Rule 4-1; Fed. R. Civ. P. 4(c)(3). The inmate must "furnish[] the information necessary to identify the defendant…" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citation and internal quotations omitted). Thus, Plaintiff's request that the U.S. Marshal <u>locate</u> Dana Cole goes outside the scope of the U.S. Marshal's authority pursuant to the rules. The Court cannot order the U.S. Marshal to locate Dana Cole, but the Court will direct the Attorney General's Office to attempt to locate a different address for Defendant.

///

---

[1] Plaintiff has filed a separate motion for appointment of counsel, (ECF No. 83), which the Court will address in a separate order.

Accordingly, and for good cause appearing, **IT IS ORDERED** that the motion, (ECF No. 82), is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Attorney General's Office shall advise the Court by **December 13, 2023,** whether it is able to find an alternative physical address for Defendant Dana Cole. If a more current address is secured for this Defendant, the Attorney General's Office shall file the address under seal, and if an address is located, the Court will direct the U.S. Marshal to again attempt to effect service.

Plaintiff is again reminded that if the above-named Defendant is not served by January 9, 2024,[2] she will be dismissed without prejudice for failure to complete service of process pursuant to Fed. R. Civ. P. 4(m).

**DATED**: November 29, 2023            .

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This date represents 90 days from the date of the order directing that this case proceed onto the normal litigation track following mediation (ECF No. 73). *See* Fed. R. Civ. P. 4(m) (requiring service on defendants within 90 days after a complaint is filed).