# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMMAR HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ELY STATE PRISON STAFF, *et. al.*,<br><br>　　　　　Defendants. | Case No. 3:21-CV-00380-RCJ-CLB<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>[ECF No. 83] |

Before the Court is Plaintiff Ammar Harris's motion for referral to the pro bono lawyer program, which the Court construes as a motion for appointment of counsel. (ECF No. 83.) No response was filed. For the reasons discussed below, the motion for appointment of counsel, (ECF No. 83), is denied.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While

almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

The motion for appointment of counsel states Plaintiff suffers from an unspecified neurological disability, the substantive issues and procedural matters are too complex for Plaintiff's comprehension and abilities, and by reason of his incarceration, Plaintiff cannot investigate. (ECF No. 83.) Plaintiff filed another motion for appointment of counsel, (ECF No. 10), which the District Court denied without prejudice. (ECF No. 16.)

Exceptional circumstances do not exist in this instance. Plaintiff only makes conclusory assertions that this case is complex, however this case is limited to an Eighth Amendment deliberate indifference to safety claim, and a First Amendment retaliation claim. (ECF No. 41.) These claims do not involve complex issues, nor will they require expert assistance to understand.

Moreover, throughout the pendency of this action, Plaintiff has demonstrated that he can articulate his claims to the Court. While Plaintiff contends that he has limited knowledge in these types of proceedings, such lack of education and experience is unexceptional compared to most prisoner civil rights cases. Further, to the extent Plaintiff suffers from a neurological disorder, "while an incapacitating mental disability may warrant the appointment of counsel in some cases, there must exists some nexus between the pro se litigant's mental disorder and his ability to articulate his claims." *Langley v. Garcia*, Case No. 1:16-cv-01299-BAK (HBK) 2022 WL 3691389, *1 (E.D. Cal. Aug. 25, 2022) (internal quotations and citations omitted). Plaintiff's ability to litigate this case so far suggests that there is no nexus between his neurological disorder and "his ability to articulate his claims." Accordingly, because Plaintiff has not demonstrated exceptional circumstances, the Court **DENIES** the motion. (ECF No. 83).

**DATED**:  November 29, 2023

_____
**UNITED STATES MAGISTRATE JUDGE**

2