AARON D. FORD
  Attorney General
JANET E. TRAUT, Bar No. 8695
  Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1120
E-mail: jtraut@ag.nv.gov

*Attorneys for Defendants*
*Mark Boyd, Frank Dreesen,*
*and David Drummond*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMMAR HARRIS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ELY STATE PRISON STAFF, et al.,<br><br>　　　　　Defendants. | Case No. 3:21-cv-00380-RCJ-CLB<br><br>**DEFENDANTS' ANSWER TO CIVIL RIGHTS COMPLAINT BY AN INMATE**<br><br>**JURY TRIAL DEMANDED** |

Defendants, Mark Boyd, Frank Dreesen, and David Drummond, by and through counsel, Nevada Attorney General, Aaron D. Ford, and Deputy Attorney General, Janet E. Traut, hereby Answer Plaintiff's Third Amended Civil Rights Complaint by an Inmate (Complaint), (ECF No. 27/40), as follows:

**I.    INTRODUCTION**

1. Defendants admit that this court has jurisdiction pursuant to 42 U.S.C. § 1983. Defendants deny that jurisdiction is proper on any other basis. Defendants deny any other allegations that may be included in this paragraph.

2. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

**II.    JURISDICTION/VENUE**

3. Defendants admit that this court has jurisdiction pursuant to 42 U.S.C. § 1983. Defendants deny that jurisdiction is proper on any other basis.

/ /

4.     Defendants admit venue is proper in the District of Nevada. Defendants deny any remaining allegations set forth in this paragraph.

### III.    PARTIES

5.     Defendants admit Plaintiff if incarcerated within the Nevada Department of Corrections (NDOC). Defendants admit Plaintiff is currently housed at High Desert State Prison (HDSP). Defendants deny Plaintiff is currently housed at Ely State Prison (ESP). Defendants deny any violation of Plaintiff's rights occurred at any time at Ely State Prison (ESP) or High Desert State Prison (HDSP).

6.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

7.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

8.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

9.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

10.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

11.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

12.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

13.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

14.     Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

/ /

/ /

1  15.     Defendants admit David Drummond is currently employed by the Nevada
2  Department of Corrections (NDOC) as an Associate Warden at ESP. Defendants deny any
3  remaining allegations set forth in this paragraph.
4  16.     Defendants are without sufficient knowledge or information to form a belief about
5  the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
6  17.     Defendants are without sufficient knowledge or information to form a belief about
7  the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
8  18.     Defendants admit Mark Boyd, believed to be sued as Mr. Boyd, is currently
9  employed by the Nevada Department of Corrections (NDOC) as a Correctional Sergeant
10 at ESP. Defendants deny any remaining allegations set forth in this paragraph.
11 19.     Defendants are without sufficient knowledge or information to form a belief about
12 the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
13 20.     Defendants admit Francis Dreesen, believed to be sued as F. Dreesen, is currently
14 employed by the Nevada Department of Corrections (NDOC) as an Associate Warden at
15 HDSP. Defendants deny any remaining allegations set forth in this paragraph.
16 21.     Defendants are without sufficient knowledge or information to form a belief about
17 the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
18 22.     Defendants are without sufficient knowledge or information to form a belief about
19 the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
20 23.     Defendants are without sufficient knowledge or information to form a belief about
21 the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
22 24.     Defendants are without sufficient knowledge or information to form a belief about
23 the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
24 25.     Defendants are without sufficient knowledge or information to form a belief about
25 the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
26 26.     Defendants are without sufficient knowledge or information to form a belief about
27 the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.
28 / /

27. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

## IV.    EXHAUSTION OF AVAILABLE REMEDIES

28. Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in this paragraph, and therefore, deny on that basis.

## V.    FACTUAL ALLEGATIONS

**I.** Defendants deny any defendant failed to provide adequate security, medical care, or transportation. Defendants deny they caused any physical injury and/or unnecessary and wanton infliction of pain.

29. Defendants admit ESP is a maximum security institution located in Ely, Nevada. Defendants admit ESP houses inmates sentenced to death. Defendants are without sufficient knowledge or information to form a belief about the truth of any remaining allegations set forth in this paragraph, and therefore, deny on that basis.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraphs numbered 30 through 66, and therefore, deny on that basis.

**II.** The claim of denial of access to the courts did not pass screening, and defendants deny on that basis.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraphs numbered 67 through 75, and therefore, deny on that basis.

**III.** Defendants deny they conspired to retaliate and threaten Plaintiff from petitioning the government for redress, and/or causing significant physical injury and/or unnecessary and want to infliction of pain.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraphs numbered 76 through 87, and therefore, deny on that basis.

//

4

IV.   The Americans with Disabilities Act and Rehabilitation Act claims did not pass screening, and defendants deny on that basis.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraphs numbered 88 through 96, and therefore, deny on that basis.

V.   The failure to supervise claims did not pass screening, and defendants deny on that basis.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraphs numbered 97 through 106, and therefore, deny on that basis.

VI.   **CLAIMS FOR RELIEF**

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations set forth in paragraphs numbered 107 through 120, and therefore, deny on that basis.

Defendants deny Plaintiff is entitled to any relief sought in this Complaint.

VII.   **ADDITIONAL ALLEGATIONS**

As to any remaining allegations contained in Plaintiff's Complaint, not specifically admitted or denied herein, Defendant hereby denies any and all such allegations.

VIII.   **AFFIRMATIVE DEFENSES**

Defendants deny any and all liability in this matter and assert the following Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cognizable constitutional claim pursuant to 28 U.S.C. § 242, 28 U.S.C. § 1343 (a)(3), 42 U.S.C. §1983, and/or NRS 41.0322, 441A.220 and NRS 209.885.

/ /

### THIRD AFFIRMATIVE DEFENSE

At all times mentioned in Plaintiff's Complaint, Defendants did not personally participate in any of the alleged violations and/or were neither the cause-in-fact nor the proximate cause of Plaintiff's damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not legally responsible for the actions and/or omissions of other third parties.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to discretionary act immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred pursuant to the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Plaintiff has failed, refused, or neglected to take reasonable steps to mitigate his damages, therefore barring or diminishing his ability to recover.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act, NRS 41.0322 and/or NRS 209.243, and NDOC Administrative Regulation (AR) 740.

### TENTH AFFIRMATIVE DEFENSE

Defendants held an objective good faith belief that they were acting reasonably and that her actions were privileged and legally justified.

### ELEVENTH AFFIRMATIVE DEFENSE

There can be no recovery for damages under 42 U.S.C. § 1983 against government officials acting in their official capacity.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants, at all relevant times, acted with due care and circumspection in the performance of their duties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred as Plaintiff's damages are speculative and cannot be calculated with any certainty or reliability.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants are not the direct or proximate cause of the alleged constitutional deprivations or tortious actions as alleged.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants are immune from liability pursuant to Nevada Revised Statutes §§ 41.031- 41.032 et. seq.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants, at all relevant times, acted in good faith toward Plaintiff and possessed a good faith belief they were acting reasonably, and their actions were privileged and legally justified, and Defendants are entitled to qualified good faith immunity from damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from seeking punitive damages pursuant to Nevada Revised Statute § 41.035 et. seq.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from seeking an award of attorney fees pursuant to 42 U.S.C. § 1988 and § 1998.

**NINETEENTH AFFIRMATIVE DEFENSE**

Each purported claim for relief is barred by the doctrines of *res judicata* and/or collateral estoppel.

//
//

### TWENTIETH AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as Plaintiff is estopped from pursuing any claim against Defendant in accordance with equitable principles of jurisprudence.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the Statute of Limitations and/or Statute of Frauds.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Each purported claim for relief is barred as the answering Defendants are not legally responsible for the actions and/or omissions of other named or unnamed Defendants.

### TWENTY THIRD AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged in as much as insufficient facts and other relevant information may not be available after reasonable inquiry and, pursuant to Fed. R. Civ. P. 11, Defendants hereby reserves the right to amend their answers and these affirmative defenses as additional information becomes available.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

Each purported claim for relief is barred pursuant to the doctrine of unclean hands.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or parts thereof, are barred due to the fact there is no causation between the alleged facts and the damages sought in the Complaint.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from receiving Court Costs arising under 42 U.S.C. § 1988 and § 1997.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to prejudgment interest from the date of filing of his initial Complaint.

/ /

**TWENTY EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to provide for any cognizable damages.

**TWENTY NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of comparative negligence because his actions were more than 51% of the cause of any damages in this case.

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available. In the event further investigation or discovery reveals the applicability of any additional defenses, including but not limited to those affirmative defenses identified in Rule 8 of the Federal Rules of Civil Procedure, Defendants reserve the right to amend this Answer to specifically assert such additional affirmative defenses.

**WHEREFORE**, the Defendants pray for relief as follows:

1. That Plaintiff take nothing by virtue of his Complaint.
2. Plaintiff's Complaint be dismissed with prejudice.
3. For attorney fees and costs of suit herein.
4. A jury trial is demanded.
5. For such other relief as this Court may deem just and proper.

DATED this 11th day of December 2023.

AARON D. FORD
Attorney General

By: _____
JANET E. TRAUT, Bar No. 8695
Deputy Attorney General

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on December 11, 2023, I electronically filed the foregoing, **DEFENDANTS' ANSWER TO CIVIL RIGHTS COMPLAINT BY AN INMATE**, via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Carson City, Nevada, addressed to the following:

Ammar Harris, #1116547
High Desert State Prison
P. O. Box 650
Indian Springs, NV 89070

_____
An employee of the
Office of the Nevada Attorney General