UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMMAR HARRIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ELY PRISON STAFF, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-CV-00380-CLB<br><br>**ORDER DENYING AND STRIKING MISCELLANEOUS DOCUMENTS**<br><br>[ECF Nos. 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114] |

　　　　Before the Court are several documents filed by Plaintiff Ammar Harris ("Harris"). On January 19, 2024, Harris filed a document titled "Request for Judicial Notice of Department of Justice #204-46-176." (ECF No. 104.) On January 22, 2024, Harris filed nine documents which are identified only as exhibits, (ECF Nos. 105, 106, 107, 108, 109, 110, 111, 112, 113), as well as a document titled "Declaration of Ammar Harris with Exhibits in Support." (ECF No. 114.) For the reasons stated below, the Court denies Harris's "Request for Judicial Notice of Department of Justice #204-46-176," (ECF No. 104), and strikes the exhibits and Harris's declaration, (ECF Nos. 105, 106, 107, 108, 109, 110, 111, 112, 113, 114).

　　　　First, the Court will address Harris's "Request for Judicial Notice of Department of Justice #204-46-176." (ECF No. 104.) This brief, two-page document requests the Court take judicial notice of a settlement agreement pursuant to Federal Rule of Evidence 201 because "its not disputed theirs an settlement agreement." (*Id.*) The Court may take notice of a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. F.R.E. 201(b). In the filing, Harris erroneously states that the defendants in this case "consented" to his Fourth Amended Complaint ("FAC"), (ECF No. 94), which contains allegations of a settlement. (ECF No. 104.) However, defendants did not "consent" to his FAC but rather merely did not oppose

Harris's Motion for the Court Order to Answer Fourth Amended Complaint, (ECF No. 93). (ECF No. 99 at 2.) As the deadline for the defendants to file a motion to dismiss the FAC, (ECF No. 94), has not yet passed, the defendants in this case have not had an opportunity to dispute the allegations in Harris's FAC. Therefore, Court cannot determine whether facts in the FAC are subject to reasonable dispute before the defendants have an opportunity to file their motion to dismiss. Thus, Harris's "Request for Judicial Notice of Department of Justice #204-46-176," (ECF No. 104), is denied.

Next, the Court will address the nine "exhibits" and Harris's declaration, (ECF Nos. 105, 106, 107, 108, 109, 110, 111, 112, 113, 114). The nine "exhibits" are filed without identifying a document to which they are supposed to be attached and constitute thousands of pages of material. (*See* ECF Nos. 105, 106, 107, 108, 109, 110, 111, 112, 113.) Harris's declaration, filed after the nine "exhibits," indicates that the exhibits and declaration are in support of his amended complaint, (ECF No. 94). (*See* ECF No. 114.) However, GO 2021-05 § 3(e) specifically states that declarations, affidavits, and exhibits are to be filed only as attachments in support of a motion, a response to a motion, or a reply in support of a motion. Here, as Harris indicates that the declaration and exhibits are in support of his FAC, *not* a motion, the above-mentioned documents, (ECF Nos. 105, 106, 107, 108, 109, 110, 111, 112, 113, 114), are improperly filed.

Additionally, GO 2021-05 § 2(b) explains that it is not necessary to attach exhibits or affidavits to a complaint or amended complaint, but rather the complaint or amended complaint must sufficiently state the facts and claims *without* reference to exhibits or affidavits. Generally, it is improper to attempt to add exhibits and affidavits to the amended complaint after it has been filed. Harris's attempt to add exhibits and affidavits at this time is additionally improper because the Court granted Harris's "Motion for Court Order to Answer Fourth Amended Complaint" (ECF No. 93) and established a briefing schedule for a motion to dismiss, which would require the defendants to sort through the thousands of pages of "exhibits" in one week. (ECF No. 99 at 2.)

///

Pursuant to Local Rule IC 7-1, the Court may strike documents that do not comply with the rules. Therefore, the Court hereby strikes the nine "exhibits" and Harris's declaration, (ECF Nos. 105, 106, 107, 108, 109, 110, 111, 112, 113, 114), and instructs Harris to refrain from filing improper documents on the docket in the future.

At this juncture, the Court will be lenient because Harris is a *pro se* party. However, Harris is advised that his status as an inmate does not give him a blank check to clutter the docket. *See Schenker v. Rowley*, No. 3:12-cv-00174-LRH-VPC, 2013 WL 321688, at *3-4, 5-6 (D. Nev. Jan. 28, 2013). The Court has a heavy docket. Plaintiff's case is just one of hundreds before the Court, and his frivolous filings slow the pace of his litigation.

Therefore, Harris is reminded to review the Federal Rules of Civil Procedure and the Local Rules for the District of Nevada. In addition, Harris is reminded that he is obligated to follow the Local Rules and General Order No. 2021-05, which sets forth certain requirements and limitations for filings in Pro Se Inmate Non-Habeas Civil Rights cases. Harris is advised that the filing of frivolous and legally unsupported motions, notices, and other improper filings is forbidden by the Local Rules of Practice and the Federal Rules of Civil Procedure and will lead to sanctions if it continues.

**IT IS THEREFORE ORDERED** that Harris's "Request for Judicial Notice of Department of Justice #204-46-176," (ECF No. 104), is **DENIED**;

**IT IS FURTHER ORDERED** that the nine "exhibits" and Harris's declaration, (ECF Nos. 105, 106, 107, 108, 109, 110, 111, 112, 113, 114), are hereby **STRICKEN**.

**IT IS SO ORDERED.**

**DATED**: January 23, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**