Ammar Harris #1116547
High Desert State Prison

United States District Court
District of Nevada

Ammar Harris,
    Plaintiff(s),

v.

Nevada Dept. of Corr., et al.,
    Defendant(s).

3:21-CV-00380-CLB

Motion for Summary and/or Declaratory Judgment

Comes Now, Harris moves this Honorable Court on Motion for Summary Judgment and/or Declaratory Judgment pursuant to LR II 56-1, Fed.R.Civ.P. 56, 57. This Motion is made and based upon fundamental fairness, interest of justice, all papers, pleadings and documents on file herein.

### Memorandum of Points and Authorities

### I. Statement of Relevant Undisputed Facts

Harris brought claims for himself, as well as those similarly situated. ECF No. 94 at 1-2 ("...Defendants action detailed herein, deny reasonable safety, inflict unnecessary and wanton pain, discriminate against reasonable accommodations, which put Plaintiff and the class at substantial risk of physical injury and discrimination, all in violation of Plaintiff's rights....").

Harris action arises under federal statutes. Id. at 2("....action arises under 42 USCS §§ 1983, 1988, 18 USCS §§ 242....").

Harris asserted properly named parties in their correct capacity. Id. at 2-5 ("...Ammar "Harris"...Sisolak...Cegavske...Corine...Daniels...Williams...Gittere...Reubart...Drummond...Cole...Boyd...Henry...Johnson...Dreesen...Doe...").

Harris exhausted remedies. Id. at 5 ("...exhausted his available remedies..").

Harris claims against Cole, Boyd, Henry, Doe are factually supported for failure to provide reasonable safety, discrimination, significant physical injury or unnecessary and wanton infliction of pain and depriving him of equal protection under the law. Id. at 5-9 ("ESP is maximum security......Cole, Boyd, Henry, Doe failed to provide reasonable safety or neglected their statutory responsibilities resulting to Harris significant physical injury or unnecessary and wanton infliction of pain or depriving him of equal protection under the law, conduct was deliberate indifference to Harris needs for reasonable safety or violated clearly established statutory or constitutional rights of which a reasonable person would have known.").

Harris claims against Cole, Drummond, Dreesen are factually supported for retaliation for exercising his constitutional rights, failure to provide reasonable safety, discrimination, significant physical injury or unnecessary and wanton infliction of pain and depriving him of equal protection under the law. Id. at 9-10 ("Harris hereby incorporates all his supporting facts to Count I of this complaint, as if fully stated herein.....Cole filed fictitious charge of murder...to cover up an Eighth Amendment violation...conduct was deliberate indifference to Harris reasonable safety or violated clearly established statutory......");

-2 of 10-

Harris claims against Sisolak, Cegavske, Corinne, Daniels, Williams, Gittere, Reubart, Drummond, Dreesen, Johnson, Doe are factually supported for retaliation for exercising his constitutional rights, failure to provide reasonable safety, discrimination, significant physical injury or unnecessary and wanton infliction of pain and depriving him of equal protection under the law, authorizing policy or custom. Id. at 11-12 ("Harris hereby incorporates all his supporting facts to Count I, II of this Complaint, as if fully stated herein...... has actual knowledge of all incidents that occurred based on logs, memorandums, reports, grievances, communications, authorizations, board of prison commissioner meetings.... promulgated, created, implemented or possessed responsibilities for continued operation of issuing fictitious... charges of murder or participated directly in the violation of Harris rights or after being informed of the violations of his rights through grievance process, failed to remedy the wrong or created a policy or custom under which his rights were violated or allowed such a policy or custom to continue or were grossly negligent in that they did not adequately supervise their subordinates who violated Harris rights or exhibited deliberate indifference to the rights of Harris by failing to act on information indicating unconstitutional acts were occurring.... failed to supervise... neglected their statutory responsibilities resulting to Harris significant physical injury or unnecessary and wanton infliction of pain or depriving him of equal protection under the law, conduct was deliberate indifference to Harris needs for reasonable safety or violated clearly established statutory or constitutionals rights of which a reasonable person would have known...").

Harris claims against NDOC, Sisolak, Daniels, Doe are factually supported for retaliation for exercising his constitutional rights, failure to provide reasonable safety, discrimination, significant physical injury or unnecessary and wanton infliction of pain, depriving him of equal protection under the law, violated the ADA and RA, violated the Agreement. Id. at 13-14 ("Harris hereby incorporates all his supporting facts to Count I, II and III of this complaint, as if fully stated herein ... is an individual with a disability that limits major life activities, such as standing, walking, grooming..... NDOC, Sisolak, Daniels entered into settlement "Agreement" with the Department of Justice .... their in violation of the following .....;

II. General Relief - A(a) - A(d).
C. Custody - 21-23.
D. Training - 26.
E. Discipline and Grievances - 30, 31, 34....ECF No. 41 at 36-69...").

Harris claims against Sisolak, Cegavske, Corine, Daniels, Williams, Gittere, Reubart, Drummond, Dreesen, Cole, Boyd, Henry, Johnson, Doe are factually supported for IIED and Negligence. Id. at 14-15 ("....had a duty to provide reasonable safety.. failed to enforce regulation that would of prevented his injuries...... conduct was extreme and outrageous with reckless disregard for causing emotional distress...").

Harris hereby incorporates ECF No. 94 at 1-27 (" .... This is a 42 USCS §§ 1983 .... I, Ammar Harris have read the complaint, on personal knowledge hereby verify that the matters stated herein are true..... am over the age of 18 years and am competent to testify as to matters stated herein, all papers, pleadings and documents on file herein, declare under penalty of perjury that the foregoing is true and correct. 28 USC §§ 1746 ....), as if fully enunciated herein.

II. Declaration

Ammar Harris hereby makes the following declaration in support of motion;

1.) On or about May 26th, 2021 I received 32 pages of settlement Agreement between the U.S. Department of Justice and Nevada Department of Corrections from ESP Law Library, regarding violations of the ADA, enforceable by Christine Kim, christine.Kim@usdoj.gov, www.ada.gov/nv_doc_sa.html. Attached, Exhibit A (hereinafter "Agreement X" "...Nevada Shall not, on the basis... medical conditions, mobility impairments, medical treatment needs such as an... need for medication... exclude... with disabilities from classification to the custody levels for which they otherwise are eligible... including lower-custody placements such as transitional-housing facilities, conservation camps, and minimum-custody beds at prisons. Unless such actions is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others or unless necessary pursuant to a legitimate safety requirement or direct threat determination..... Nevada shall provide live training to, and ensure completion of such training by, all NDOC employee as well as state of Nevada employees whose positions require them to regularly interact with NDOC inmates.... shall implement revised policies requiring Nevada to take appropriate disciplinary action against staff who subject inmates with disabilities to discrimination, retaliation, coercion, intimidation, harassment, threats or abuse, or who interfere with rights protected by the ADA or this Agreement......") Id. at 1-34.

2) On or about September 28th, 2021 I received 2 pages from the U.S. Department of Justice assigning case against ESP/NDOC. Agreement at 1-34 ("... Harris V. Ely State Prison/Nevada Department of Corrections (21-OCR-1443)....").

3.) On or about December 9th, 2021 I received 44 pages from Sgro and Roger regarding medical records from William Bee Ririe Hospital, consisting of Clinical Report, History of present illness, Triage, Physical assessment, Disposition, etc.. Attached, Exhibit B (hereinafter "Ririe")("…. He is a prisoner at the prison.. He was jumped with a home made shank... He appears to be stabbed in the chin and left upper parietal area...He appears confused... The patient sustained a blow and stab wound and was reportedly kicked.. Findings... Images demonstrates there is a large acute intraparenchymal hemorrhage in the left frontal lobe.. There is acute hemorrhage along the falx within the midline. There is mild shift of the midline structures to the right. There is an acute fracture in the left parietal bone, anteriorly with a depressed fracture fragment. There is a metallic body at the far inferior aspect of the right frontal lobe… There is an acute depressed fracture in the left parietal bone, anteriorly. There is depression of the fracture fragment by approximately 5mm. There is some overlying soft tissue swelling. There is a large acute intraparenchymal hemorrhage involving the left frontal lobe. There is acute hemorrhage along the falx within the midline. There is a metallic foreign body at the far inferior aspect of the right frontal lobe with the bone at the superolateral aspect of the right orbit.. Open penetrating head injury traumatic left cerebral hemorrhage… transferred to University Medical Center, Las Vegas……"). Id. at 1-44.

4.) On or about April 22nd, 2022 I received 2,390 pages from Sgro and Roger regarding Medical Records from Las Vegas Neurology, William Bee Ririe Hospital, UMC Trauma, Summerlin Hospital, consisting of Chief Complaint, History of present illness, Physical Examination, Assessment, Treatment Plan, Progress Records, History and Physical Report, Medication List, Problem List, Imaging Result, Physician Orders, Therapy, etc. Attached, Exhibit C, part 2-13 (hereinafter "Medical Records")("...traumatic cerebral hemorrhage, left subdural and left subarachnoid hemorrhage with right nondominant hemiparesis, pharyngeal dysphagia, expressive aphasia......"). Id. at 1-2390.

5.) On or about August 2nd, 2022 I received 5 pages from Sgro and Roger regarding Medical Report and Recommendations from Las Vegas Neurology Dr. Balsiger, it consist of Chief Complaint, History of present illness, medication List, Review of System, Physical Examination, Assessment, Plan, etc. Attached, Exhibit D (hereinafter "Balsiger")("...PT/OT/ST evaluation treatment will be ordered... A trial of Lyrica was ordered last visit. This was not initiated per... report. This will be reordered..."). Id. at 1-5.

6.) On or about October 14th, 2022 I received 71 pages from Sgro and Roger regarding Medical Records from NDOC, consisting of Assessments, Progress Notes, Physician's orders, Unusual Occurrence Report, Medical Orders, Medical Kite and Service Report, etc. Attached, Exhibit E (hereinafter "NDOC Medical")("... Inmate observed lying on floor on stomach/side profusely bleeding laceration observed top/back of head. Skin flap laceration observed under left ear. Small puncture wound with superficial laceration observed side of left cheek outer corner of eye with another..."). Id. at 1-71.

7.) On or about May 6th, 2021 I received 1 page from NDOC regarding Notice of Charges consisting of Murder by Onriu Cole relating to August 24th, 2020. Attached, Exhibit F (hereinafter "Murder"). Id at 1 (citation omitted).

8.) On or about April 6th, 2021, May 12th, 2021, June 4th, 2021 I received 73 pages from David Drummond, F. Dreesen, regarding improper rejections of properly submitted grievances, correspondences, etc. Attached, Exhibit G (hereinafter "2006.31.14343") ("...David Drummond, Aul... May 12th 2021..."). Id. at 1-73.

9.) On or about November 30th, 2021 I mailed Notice of Intent to Sisolak, Cegavske and Ford. Attached, Exhibit H (hereinafter "Notice")("...civil action will be brought against Hal..."). Id. at 1-6.

10.) On or about April 25th, 2022 I received 2 pages from Sago and Royer regarding correspondence from the State of Nevada Office of Attorney General consisting of prosecution of person involved in August 24th, 2020 by Chelsea Kallas. Attached, Exhibit I (hereinafter "Kallas"). Id at 1-2. (citation omitted).

11.) I, Ammar Harris on personal knowledge, am over the age of 18 years, am competent to testify to matters stated herein, as well as all papers, pleadings and documents on file herein, declare under penalty of perjury that the foregoing is true and correct. 28 USC § 1746.

III. Summary Judgment

Harris hereby incorporates B. Summary Judgment from ECF No. 123 at 19-21 ("Summary judgment is appropriate when it is demonstrated that there exist no genuine issue....."), as if fully enunciated herein.

IV. Legal Analysis

A. Proper Joinder

Harris hereby incorporates A. Proper Joinder from ECF No. 123 at 22 ("The Fourth includes several claims that are properly joined in this action......"), as if fully enunciated herein.

B. Harris may prevail on all claims

Harris hereby incorporates VI. Applicable Law from ECF No. 94 at 15-24 ("The Constitution requires Defendants to provide "reasonable safety" to Harris......"), as if fully enunciated herein.

Using the legal theory of "incorporation" and the Due Process Clause of the 14th Amendment, the Supreme Court has ruled that most of its guarantees also protect Harris against Defendants. See, e.g., Ingraham v. Wright, 430 U.S. 651, 673, n. 42, 97 S.Ct. 1401, 1413 n. 42, 51 L.Ed 2d 711, 731 n. 42 (1977)

Punitive damages are available when Defendants acted with "evil motive or intent" or "reckless or callous indifference" to Harris rights. Smith v. Wade, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed. 2d 632, 651 (1983)

- 9 of 10 -

Harris hereby incorporates A. Motion to Dismiss from ECF No. 123 at 14-19 ("'A document filed pro se is 'to be liberally construed', and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers......"), as if fully enunciated herein.

V. Relief Requested

Harris hereby incorporates VII(A) from ECF No. 94 at 24-25 ("... Cole, Boyd, Henry, Doe failed to provide reasonable safety........"), as if fully enunciated herein.

Harris hereby incorporates VII(B) from ECF No. 94 at 25-26 ("..... Immediately implementing policy restricting fictitious disciplinary charges......"), as if fully enunciated herein.

Harris hereby incorporates VII(C) from ECF No. 94 at 26 ("... $2,500,000 jointly and severally against......"), as if fully enunciated herein.

Harris hereby incorporates VII(D) from ECF No. 94 at 26-27 ("... $25,000 each against Daniels, Williams ....."), as if fully enunciated herein.

VI. Conclusion

This Court should grant Summary Judgment and/or Declaratory Judgment in Harris favor for the foregoing above, in the interest of justice, there is no need for trial.

Dated this 7th day of February, 2024.

/s/ Mr. Harris

- 10 of 10 -