1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

AMMAR HARRIS,

Plaintiff,

v.

ELY STATE PRISON STAFF, *et. al.,*

Defendants.

Case No. 3:21-CV-00380-CLB

**ORDER RE: MISCELLANEOUS MOTIONS**

[ECF Nos. 103, 118, 128, 147]

Currently pending before the Court are several motions filed by Plaintiff Ammar Harris ("Harris") and Defendants Mark Boyd, Frank Dreesen, and David Drummond (collectively referred to as "Defendants"). First, Harris filed a motion for required joinder, (ECF No. 103), to which Defendants responded, (ECF No. 122). Second, Defendants filed a motion to dismiss and early exhaustion motion for summary judgment, (ECF No. 118), to which Harris responded, (ECF No. 123). Third, Harris filed a motion for summary judgment, (ECF No. 128), to which Defendants responded, (ECF No. 131), and Harris replied, (ECF No. 134). Finally, Harris filed a motion for settlement conference, (ECF No. 147). Each motion is discussed in turn.

I.      **BACKGROUND**

Harris, a *pro se* inmate in the custody of the Nevada Department of Corrections, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 23, 2021. (ECF No. 1.) Harris has filed several complaints in this action, many of which have been dismissed for violations of the Federal Rules of Civil Procedure ("FRCP"), including improper joinder and for failure to state a claim.

Before the Court could screen Harris's initial complaint, Harris filed a motion for leave to file a first amended complaint ("FAC"). (ECF No. 11.) On March 29, 2022, the District Court dismissed the FAC without prejudice but with leave to amend because Harris's 67-page FAC did not comply with the FRCP. (ECF No. 16.) The Court advised

Harris of the requirements under the FRCP to facilitate the filing of a properly formatted SAC. The Court further notified Harris that the failure to comply with these rules when drafting and filing his SAC could result in the action being dismissed. The Court further advised Harris that any attempt to join claims that are not permitted by the FRCP would result in those claims being dismissed as improperly joined. (*Id.*)

On April 21, 2022, Harris filed his second amended complaint ("SAC"), (ECF No. 21), which was screened by the District Court on July 26, 2022. (ECF No. 29.) The Court found that the primary claim in Harris's SAC was an Eighth Amendment claim for deliberate indifference to inmate safety arising from an August 28, 2020 incident against Defendants Cole and Boyd. (*Id.*) Harris also alleged several other claims, which were ultimately dismissed by the Court: (1) claims related to transport of Harris from High Desert State Prison ("HDSP") to Ely State Prison ("ESP") in May 2021, including an American with Disabilities Act ("ADA") violation, were dismissed without prejudice and without leave to amend based on improper joinder; (2) Eighth Amendment claim for deliberate indifference to inmate safety against Defendants Daniels, Williams, Gittere, Reubart, Drummond, and Doe Defendants was dismissed with leave to amend; (3) Eighth Amendment claim for deliberate indifference to serious medical needs was dismissed against all Defendants with leave to amend; (4) First Amendment claim for retaliation was dismissed with leave to amend; and (5) Fourteenth Amendment claims for denial of access were dismissed with leave to amend. (*Id.*)  The Court gave Plaintiff until August 25, 2022, to file a third amended complaint ("TAC"). (*Id.*)

Shortly before the Court screened the SAC, Harris had submitted his TAC along with a motion for leave to file that complaint. (ECF Nos. 27, 28, 29.) The screening order did not address the TAC or Harris's motion. Three weeks after the screening order was entered, Harris sought an extension of time to file a new complaint. (ECF No. 33.) The undersigned granted that request, gave Harris until September 23, 2022 to file an amended pleading, and, to avoid docket confusion, directed the Clerk of the Court to strike Harris's TAC and his motion for leave to file that complaint. (ECF No. 34.)

Harris requested that the Court "not strike" his TAC or his motion and requested that the Court proceed with screening the TAC. (ECF No. 36 at 5.) Thus, the Court treated the TAC as the operative complaint, directed the Clerk of the Court to file it as a separate entry on the docket, and the Court screened the TAC. (ECF No. 40.)

Specifically, the Court again found that the primary claim in the TAC related to an Eighth Amendment claim for deliberate indifference to inmate safety arising from the August 28, 2020 incident against Defendants Cole and Boyd. (*Id.*) Harris was also allowed to proceed on a First Amendment retaliation claim against Defendants Dreesen and Drummond. (*Id.*) The following claims were dismissed without prejudice: (1) Eighth Amendment claim for deliberate indifference to serious medical needs; and (2) Fourteenth Amendment claim for denial of access to the courts and the grievance process. (*Id.*) Further, all claims based on Harris's transport between HDSP and ESP on May 19, 2021 were dismissed without prejudice and without leave to amend as improperly joined: (1) the Eighth Amendment claim for deliberate indifference to inmate safety; (2) the Fourteenth Amendment claim for denial of access to the courts; (3) the ADA claim; and (4) the claim alleging a breach of the February 2021 settlement agreement between the NDOC and the Department of Justice. (*Id.*)

This case was then referred to the Court's Inmate Early Mediation ("IEM") program. (ECF No. 40.) Harris, however, filed a motion to exclude the case from mediation. (ECF No. 42.) On January 31, 2023, the Court held a hearing on the motion to exclude and denied the motion. (ECF No. 46.) On March 29, 2023, Harris filed a notice of appeal as to the screening order on the TAC. (ECF No. 50). Thus, the Court vacated and stayed the IEM pending the outcome of the appeal. (ECF No. 52.) On June 2, 2023, the appeal was dismissed for lack of jurisdiction. (ECF No. 55.) Ultimately, a mediation was held on October 3, 2023. (ECF No. 72.) Unfortunately, the parties were unable to settle this case. Thereafter, the Court granted Harris's IFP Application, and this case was returned to the normal litigation track. (ECF No. 73.) On December 11, 2023, Defendants Boyd, Dreesen, and Drummond filed their answer to the TAC. (ECF No. 86.) To date, Defendant Cole has

not been served.

On December 12, 2023, the Court scheduled a mandatory case management conference ("CMC") with the parties that was held on January 8, 2024. (ECF No. 99.) Before the CMC, Harris filed a motion for court order to answer fourth amended complaint as well as a Fourth Amended Complaint. (ECF Nos. 93, 94). At the CMC, the Court addressed the motion regarding the Fourth Amended Complaint and set briefing on a motion to dismiss the Fourth Amended Complaint. (ECF No. 99.) Thus, the Fourth Amended Complaint, (ECF No. 94), is the operative complaint in this action.

The Fourth Amended Complaint closely follows the TAC. (*Compare* ECF No. 94, *with* ECF No. 41.) Harris again asserts claims for Eighth Amendment failure to protect and First Amendment retaliation. (ECF No. 94 at 6-10.) Harris also attempts to reallege several claims that are unrelated to the August 2020 incident. (*See id.*)

Thereafter, Harris filed a motion for joinder of defendant related to the ADA claim. (ECF No. 103.) Defendants filed a motion to dismiss the Fourth Amended Complaint on January 29, 2024. (ECF No. 118.) Harris filed his motion for summary judgment on February 9, 2024. (ECF No. 128.)

On March 7, 2024, the Court held a telephonic status conference. (ECF No. 135.) At the hearing, the Court reconsidered and vacated its prior order denying Harris's Motion for Referral to the Pro Bono Lawyer Program ("Program"), (ECF No. 85), and referred the case to the Program for appointment of counsel. (ECF No. 135.) Additionally, the Court stayed the case and denied with leave to refile all pending motions, (ECF Nos. 103, 118, and 128).

On April 24, 2024, the Court appointed pro bono counsel for Harris. (ECF No. 138.) On May 8, 2024, pro bono counsel filed a motion to withdraw as counsel for Harris based on a deterioration of their relationship. (ECF No. 145.) Harris did not oppose or otherwise respond to the motion. Based on the representations made in the motion and Harris's own statements regarding his desire to represent himself at the status conference on March 7, 2024, the Court granted the motion to withdraw as counsel and withdrew the referral to

the pro bono program. (ECF No. 146.) The Court stated that it would address the previously filed motions at ECF Nos. 103, 118, and 128, in due course. Finally, on June 11, 2024, Harris filed a motion for settlement conference. (ECF No. 147.)

The Court will now address the following pending motions: (1) Harris's motion for required joinder, (ECF No. 103); (2) Defendants' motion to dismiss and early exhaustion motion for summary judgment, (ECF No. 118); (3) Harris's motion for summary judgment, (ECF No. 128); and (4) Harris's motion for settlement conference, (ECF No. 147).

## II.    MOTION TO DISMISS

First, before the Court is Defendants' motion to dismiss, which argues Harris's Fourth Amended Complaint is an attempt "to take another bite at the apple to bring claims which the Court on screening has previously dismissed." (ECF No. 118.)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] . . . in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant

to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732). Additionally, the court takes particular care when reviewing the pleadings of a *pro se* party, because a less stringent standard applies to litigants not represented by counsel.  *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

Having reviewed the motion to dismiss, (ECF No. 118), the Court agrees that much of the Fourth Amended Complaint is an improper attempt to reallege claims that have been dismissed by the Court on several occasions. Additionally, having reviewed the Fourth Amended Complaint, the other allegations, which were dismissed with leave to amend, still fail to state colorable claims for the same reasons outlined in the Court's prior screening order, (ECF No. 40).

First, like the SAC and the TAC, the Fourth Amended Complaint includes several claims that are not properly joined in this action because they are insufficiently related to the August 28, 2020 incident. Specifically, Harris seeks to assert the following claims based on his transport between HDSP and ESP on May 19, 2021: (1) an Eighth Amendment claim for deliberate indifference to inmate safety; (2) a Fourteenth Amendment claim for denial of access to the courts; (3) an ADA claim[1]; and (4) a claim alleging that Sisolak and Daniels breached the February 2021 settlement agreement between the NDOC and the Department of Justice. (ECF No. 94.) Because these claims were already dismissed without leave to amend at screening, (ECF No. 40), these claims are again improper and are dismissed.

_____

[1] Harris's motion for joinder, (ECF No. 103), relates to the ADA claim, which as the Court has already stated was dismissed without leave to amend based on improper joinder. Thus, the motion for joinder, (ECF No. 103), is denied as moot.

Next, Harris attempts to reallege his Eighth Amendment deliberate indifference to medical needs claim, a failure to train and supervise claim, and a negligence claim. (*See* ECF No. 94.) However, like his prior complaints, the Fourth Amended Complaint fails to state colorable claims against defendants for the same reasons previously addressed on screening. (*Compare* ECF No. 94, *with* ECF No. 41; *See* ECF No. 40.)

In reviewing the Fourth Amended Complaint, the only colorable claims plead are the Eighth Amendment deliberate indifference to safety claim against Defendants Cole and Boyd and the First Amendment retaliation claim against Defendants Dreesen and Drummond. These are the same claims that were allowed to proceed on the TAC. Accordingly, the Court will allow Harris to again proceed on these two claims, but no other claims shall proceed based on Harris's repeated failure to state colorable claims. Accordingly, Defendants' motion to dismiss, (ECF No. 118), is granted.

## III.    MOTIONS FOR SUMMARY JUDGMENT

Next, before the Court are two motions for summary judgment. Specifically, as part Defendants' motion to dismiss, Defendant's assert as motion for "early exhaustion motion for summary judgment." (ECF No. 118). Additionally, Harris also filed motion for summary judgment. (ECF No. 128).

"Motions for summary judgment can be filed at any time but are often denied as premature when submitted before the parties have had time to conduct at least some discovery." *Smith v. Jones*, No. 3:20-CV-0504-MMD-CLB, 2021 WL 5968455, *1 (D. Nev Dec. 6, 2021) (citing *Celotex Corp. v. Catreet*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quotations omitted)). Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56 (Advisory Committee's Notes (2010 Amendments Subdivision (b)).

The operative stipulated discovery plan and scheduling order ("DPSO") was entered in this case on May 6, 2024. (ECF No. 144.) The DPSO set the close of discovery for November 11, 2024, with dispositive motions due on December 11, 2024. (*Id.*) Because

discovery has just recently commenced, the Court finds Defendants' motion for summary judgment, (ECF No. 118), and Plaintiff's motion for summary judgment, (ECF No. 128) are both premature pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. *Smith v. Jones*, 2021 WL 5968455 at *1 ("Motions for summary judgment can be filed at any time but are often denied as premature when submitted before the parties have had time to conduct at least some discovery."). Accordingly, the motions for summary judgment, (ECF Nos. 118, 128), are denied, with leave to refile once both parties have <u>completed</u> discovery.

## IV.    MOTION FOR SETTLEMENT CONFERENCE

Finally, before the Court is Harris's motion for settlement conference. (ECF No. 147.) Harris requests that the Court assist Harris "on further negotiation with Defendants in order to achieve a reasonable resolution." (*Id.*) The Court has already expended resources to assist the parties to resolve this case through the IEM program—despite Harris's desire to be excluded from the mediation program. (*See* ECF Nos. 42, 72.) Given the Court's previous unsuccessful attempt to assist with settlement, the Court does not believe it is in the interest of judicial economy to expend further resources for this purpose. Accordingly, the motion, (ECF No. 147), is denied. This does not prevent the parties from independently attempting to reach a settlement, as the parties are always free to negotiate settlement without the Court's intervention.

## V.    CONCLUSION

Consistent with the above, **IT IS ORDERED** that Harris's motion for joinder, (ECF No. 103), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss and early motion for summary judgment, (ECF No. 118), is **GRANTED in part and DENIED in part**:

- Defendants' motion to dismiss is **GRANTED** with respect to all claims, except the following, which will be allowed to proceed:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Eighth Amendment claim for deliberate indifference to inmate safety arising from the August 28, 2020 incident against Defendants Cole and Boyd.
- First Amendment retaliation claim against Defendants Dreesen and Drummond.

- Defendants' motion for summary judgment with respect to exhaustion is **DENIED as premature**.

   **IT IS FURTHER ORDERED** that Harris's motion for summary judgment, (ECF No. 128), is **DENIED as premature**.

   **IT IS FURTHER ORDERED** that Harris's motion for settlement conference, (ECF No. 147), is **DENIED**.

**DATED**: June 25, 2024 .

_____
**UNITED STATES MAGISTRATE JUDGE**