**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| AMMAR HARRIS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ELY STATE PRISON STAFF, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00380-CLB<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>[ECF No. 176] |

Before the Court is Defendants motion for leave to file video evidence under seal in support of the motion for summary judgment. (ECF No. 176.) Plaintiff opposed the motion, (ECF No. 181), and Defendants replied, (ECF No. 183). For the reasons discussed below, the motion, (ECF No. 176), is denied.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

///

Defendants seek to file a video exhibit under seal in connection with the motion for summary judgment, which is "more than tangentially related" to the merits of a case. Therefore, the compelling reasons standard applies. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the Court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Here, Defendants seeks to file video evidence under seal as the video "shows internal prison facilities and its disclosure to the public would create a significant security risk" and because the video also shows "faces of offenders[1] who are not otherwise involved in this lawsuit." (ECF No. 176.) Defendants only cite general safety and security concerns as well as confidentiality, without explaining *what* safety and security concerns are implicated if this exhibit is available to the public. Nor do they explain *how* this exhibit is confidential and should be excepted from the general rule of public access. For all these reasons, the Court finds that Defendants' motion fails to articulate a compelling need to seal this exhibit.

///

///

///

---

[1] The Court finds this argument to lack merit as the NDOC's own <u>public</u> offender search website contains the faces of offenders housed within the NDOC, which includes information related to each individual inmate, including the facility in which they are currently housed. *NDOC Offender Search*, https://ofdsearch.doc.nv.gov/ (last visited April 21, 2025). The Court may take judicial notice of public information on websites hosted by the NDOC. *See U.S. v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of public information on the Bureau of Prisons inmate locator website); *Foley v. Martz,* No. 3:18-cv-02001-CAB-AGS, 2018 WL 5111998, at *1 n.1. (S.D. Cal. Oct. 19, 2018) (taking judicial notice of information on California Dept. of Corrections and Rehabilitation inmate locator website).

1   Accordingly, Defendants' motion, (ECF No. 176), is **DENIED**. The Clerk shall
2   **UNSEAL** Exhibit C (ECF No. 177 (video manually filed with the Court)).
3   **DATED:** April 21, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**